UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JARROD HURLEY,

                              Plaintiff,

      v.                                             7:08-CV-743

FAMILY RESTAURANTS OF WATERTOWN, INC.,
and DYNAMIC ENTERPRISES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action pursuant to Title VII of the Civil Rights Act of 1964 and the New York Human Right Law seeking to recover damages for being subjected to a hostile work environment and having been terminated on account of his gender, his sexual orientation, and for having engaged in protected activity.  Presently before the Court is Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

        Plaintiff commenced this action in July 2008.  The record evidences that Defendants were properly served copies of the summons and Complaint.  To date, Defendants have failed to timely file an Answer or otherwise appear in this matter.  The Clerk entered default on November 21, 2008.  Accordingly, the motion for a default judgment is properly before the Court.

        Defendants' failure to appear constitutes an admission of all well-pleaded allegations in the Complaint.  H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.

2006).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . .  Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

   Based on the default, Defendants admit that, at all time relevant hereto: (1) Plaintiff was subjected to derogatory and offensive comments concerning his sexual orientation; (2) Plaintiff complained to management concerning his treatment; (3) in response to Plaintiff's complaint, management reduced Plaintiff's work hours, advised him to quit, and failed to address the complaint; (4) Plaintiff filed a charger of discrimination with the EEOC; and (5) after the filing of the charge, Plaintiff's manager disciplined Plaintiff and further reduced his hours and ultimately terminated his employment.

   Plaintiff has submitted nothing substantiating his claimed loss of earnings or damages resulting from emotional distress.  Because the claimed damages are neither susceptible of mathematical computation nor liquidated as of the default, any damages must be established by Plaintiff in an evidentiary proceeding in which Defendants have the opportunity to contest the amount.  Accordingly, on or before March 2, 2009, Plaintiff shall file with the Court, and serve on Defendants, affidavits and/or other evidence, admissible in form, substantiating his claim for damages.  In his submission, Plaintiff shall also indicate whether he is requesting an evidentiary hearing.

   Defendants shall then have until March 16, 2009 to file with the Court, and serve on Plaintiff, affidavits and/or other evidence, admissible in form, contesting or otherwise

addressing Plaintiff's claim for damages. In their submissions, Defendants shall also indicate whether they are requesting an evidentiary hearing.

For the foregoing reasons, Plaintiff's motion for default is GRANTED ON THE ISSUE OF LIABILITY. The Court will reserve decision on the issue of damages until the parties have had an opportunity to be heard on that issue.

IT IS SO ORDERED.

Dated: January 21, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge